UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ANTONE JAMES LYNCH | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-10095 |
| FOUNTAINBLEAU MANAGEMENT SERVICES, LLC, ET AL. | SECTION "L" (2) |

## ORDER & REASONS

Before the Court are two competing motions. A motion for partial summary judgment filed by Plaintiff Antone James Lynch, R. Doc. 23, and a motion to dismiss filed by Defendants Fountainbleau Management Services, LLC; Roland T.A. von Kurnatowski, Jr.; BF-1, LLC; and Roland von Kurnatowski, R. Doc. 24. Both motions are opposed. R. Docs. 25, 26. Defendants have filed a reply to Plaintiff's opposition to their motion to dismiss. R. Doc. 30. Having reviewed the motions and considered the applicable law, the Court rules as follows.

### I. BACKGROUND

Plaintiff Antone J. Lynch brings this action against Defendants alleging they "conspired with each other and with others" to execute a fraud upon Plaintiff "in connection with the sale of securities," causing Plaintiff to lose "all of the amounts invested" in "investment contracts sold to Plaintiff by Defendants." R. Doc. 1 at ¶¶ 16–17.

According to the compliant, "[o]n May 28, 1991, the parties executed an 'Investment Agreement' . . . . to establish an investment fund to trade U.S. Treasury Bonds, entitled 'Bond Fund One.'" *Id.* at ¶ 7. Plaintiff contends that "[a]s of February 2017, Defendants reported to Plaintiff that his share of the Bond One Fund account had a value of $363,145.74," but that when

1

Plaintiff made a demand for a return of his investment "in writing and in compliance with the terms of contract," "Defendants issued a check in the amount of $3,000," which the bank dishonored. *Id.* at ¶¶ 13–15. Plaintiff alleges "Defendants misappropriated Plaintiff's funds for their own personal use." *Id.* at ¶ 19.

Based on this factual background, Plaintiff brings the following claims:

(1) Violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b), and Rule 10b-5 promulgated thereunder, *id.* at ¶ 21;
(2) Recession, pursuant to Section 29(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78cc(b) based on Defendants' alleged violations of Section 10(b), *id.* at ¶ 27;
(3) Title 51, Section 712 A (2) of the Louisiana Securities laws, *id.* at ¶ 30;
(4) Louisiana Civil Code articles 2315 and 2316, *id.* at ¶ 34;
(5) Louisiana Civil Code article 2315, *id.* at ¶ 39;
(6) Louisiana Civil Code article 1758, *id.* at ¶ 42;
(7) Louisiana Civil Code article 1953, *id.* at ¶ 46; and
(8) Louisiana Revised Statutes section 51:712, *id.* at ¶ 49.

## II. PRESENT MOTIONS

Because Defendants' motion to dismiss challenges this Court's jurisdiction over the action, the Court considers it first. In their motion to dismiss, Defendants argue Plaintiff's federal law-based claims have prescribed and, even if they had not, Plaintiff has failed to state a federal claim for relief. R. Doc. 24. Next, Defendants contend Plaintiffs' Federal claims are patently frivolous and, therefore, may not serve as a basis for federal subject matter jurisdiction. *Id.* Defendants further argue that, contrary to Plaintiff's assertions, the parties are not diverse, and therefore, the Court lacks subject matter jurisdiction over the case. *Id.* In opposition, Plaintiff contends he "did not discover the representations regarding the Bond Fund Investments, *i.e.* it was not registered, until he made a demand for his funds and they were dishonored." R. Doc. 25 at 4.

## III. LAW & ANALYSIS

Defendants bring their motion to dismiss under both the 12(b)(1) and 12(b)(6) standards. The Court discusses each in turn.

### a. Motion to Dismiss Standard – 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a district court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

"The standard of review applicable to motions to dismiss under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6)" except that the Rule 12(b)(1) standard permits the Court to consider a broader range of materials in considering its subject matter jurisdiction over the cause(s) in the suit. *Williams v. Wynne*, 533 F.3d 360, 364–65 n.2 (5th Cir. 2008). When a defendant challenges the existence of subject matter jurisdiction in fact, "irrespective of the pleadings, . . . matters outside the pleadings . . . are considered." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Thus, a district court may dismiss for lack of subject matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)).

### b. Motion to Dismiss Standard – 12(b)(6)

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Generally, when evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court should not look past the pleadings.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

c.  **Whether Plaintiff's Federal Claims are Time Barred**

In his complaint, Plaintiff alleges Defendants violated § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 in connection with Defendants' sale of securities and, relatedly, that "Plaintiff is entitled to the rec[e]ssion of his investment contracts and return of his funds pursuant to Section 29(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78cc(b)." R. Doc. 1 at 4–6.

Section 10(b) claims are subject to a two-year statute of limitations and a five-year statute of repose. 28 U.S.C. § 1658(b). "The statute of repose serves as a fixed 'cutoff,' and is not subject to equitable tolling." *Carlucci v. Han*, 886 F. Supp. 2d 497, 514 (E.D. Va. 2012) (citing *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991), *superseded by statute on other grounds by Merck & Co., Inc. v. Reynolds*, 501 U.S. 350 (2010)). The statute of repose

4

for a § 10(b) claim "starts to run on the date the parties have committed themselves to complete the purchase or sale transaction." *Id.* (quoting *Arnold v. KPMG LLP*, 334 F. App'x 349, 351 (2d Cir. 2009)).

In this case, Plaintiff alleges he entered into an investment contract with Defendants for Bond Fund One, which he allegedly purchased on May 28, 1991. R. Doc. 1 at ¶ 7. Plaintiff brought his claims against Defendants on October 29, 2018. R. Doc. 1. Because the applicable statute of repose, which is not subject to equitable tolling, has lapsed, Plaintiff's § 10(b) claim is time-barred. Similarly, Plaintiff's § 10(b) claim being time barred, Plaintiff may not bring his § 29(b) claim based on his § 10(b) claim. Moreover, even if Plaintiff brought his § 29(b) claim as an independent claim, § 29(b) carries a three-year statute of repose. 15 U.S.C. § 78cc(b). As a result, the Court will dismiss Plaintiff's § 10(b) and 29(b) claims as time-barred.

### d. Whether Plaintiff's Dismissed Federal Claims Can Serve as the Basis for Federal Subject Matter Jurisdiction

When a federal claim is brought that is clearly "immaterial and made solely for the purpose of obtaining jurisdiction or . . . wholly insubstantial and frivolous," it cannot be used to establish Federal question jurisdiction. *Bell v. Hood*, 327 U.S. 678, 681 (1946). As the Fifth Circuit has explained, "When a federal claim appears on the face of the complaint, '[d]ismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision.'" *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Bell v. Health–Mor*, 549 F.2d 342, 344 (5th Cir. 1977)).

In this case, the statutes of repose for Plaintiff's federal law-based claims ran in 1994 and 1996, more than twenty years before Plaintiff brought the instant suit. The U.S. Supreme Court's holding in *Gilbertson*, which the Court issued in 1991, makes clear that equitable tolling does not

apply to these claims. 501 U.S. at 363. As a result, the Court concludes Plaintiff's federal law-based claims have "no plausible foundation" and are "clearly foreclosed by a prior Supreme Court decision.'" *Bell*, 549 F.2d at 344. Accordingly, the Court concludes Plaintiff's § 10(b) and § 29(b) cannot form the basis of establishing this Court's subject matter jurisdiction over this action.

      **e. Whether This Action Can Be Maintained Under This Court's Diversity Subject Matter Jurisdiction**

Having dismissed Plaintiff's federal law-based claims and having concluded jurisdiction cannot be maintained pursuant to those claims, the Court must now consider whether this action can be maintained pursuant to 28 U.S.C. § 1332.

Title 28, section 1332 of the United States Code provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The party invoking federal jurisdiction bears the burden of establishing that federal jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). At issue in this case is whether the parties to this action are diverse. To qualify for diversity jurisdiction, all plaintiffs must have citizenship different from all defendants. *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 582 (2005).

In this case, Plaintiff alleges he is a citizen of Mississippi, "domiciled and residing in the Dunbar Nursing Home in Bay St. Louis, Mississippi." R. Doc. 1 at ¶ 4. With respect to Defendants, Plaintiff alleges their domiciles as follows:

> Made Defendant is Roland T. A. Von Kurnatowski, Jr., an adult male, domiciled in and a citizen of the State of Louisiana, with his principal place of business at 6401 Stars and Stripes Boulevard, New Orleans, Louisiana 70126.
> 
> Also made a Defendant is Fountainbleau Management Services, LLC, a Louisiana limited liability company domiciled at 6401 Stars and Stripes Boulevard, New Orleans, Louisiana 70126. Defendant, Roland T. A. Von Kurnatowski, Jr., is its

> manager and agent for service of process.
>
> Also made defendant is Roland Von Kurnatowski, an adult male, domiciled in and citizen of the State of Louisiana, with his principal place of business at 6401 Stars and Stripes Boulevard, New Orleans, Louisiana 70126.
>
> Also made defendant is BF-1, LLC, a Louisiana limited liability company registered and doing business at 6401 Stars and Stripes Boulevard, New Orleans, Louisiana 70126. The member/manager is the defendant Roland Von Kurnatowski and the agent for service of process is Roland Von Kurnatowski.

R. Doc. 1 at ¶¶ 5, 6; R. Doc. 9 at ¶¶ 57, 58.

In their motion to dismiss, however, Defendants assert that the citizenship of BF-I, LLC is Mississippi, by virtue of its member, Catalino Aguda, being domiciled in Mississippi. R. Doc. 24 at 2; R. Doc. 24-1 2, 13. Appended to Defendants' motion to dismiss are: (1) BF-I, LLC's Articles of Organization, naming Roland von Kurnatowski as organizer and manager of the LLC, R. Doc. 24-2; and (2) the Declaration of Roland von Kurnatowski, Jr., made pursuant to 29 U.S.C. ¶ 1746, in which Mr. von Kurnatowski declares, under penalty of perjury, that BF-I, LLC member Catalino Aguda is domiciled in Mississippi, R. Doc. 24-4.

In opposition, Plaintiff simply states, "there can be no doubt that this court has jurisdiction over the breach of contract claim by a Mississippi resident against Louisiana residents involving a Louisiana contract." R. Doc 25 at 2. Notwithstanding the fact that "residence" does not establish domicile for the purposes of establishing diversity subject matter jurisdiction, Plaintiff at no point addresses Defendants' assertion that Defendant BF-I, LLC is a Mississippi domiciliary.

It is well established that an LLC is a citizen of each state in which its members are domiciled. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). In this case, because Plaintiff bears the burden of establishing that diversity jurisdiction exists and has offered no evidence suggesting Ms. Aguda is either not a member of BF-I, LLC or not a Mississippi domiciliary, the Court concludes Defendant BF-I, LLC is a Mississippi domiciliary by virtue of

its member, Ms. Aguda, being domiciled in Mississippi. Plaintiff also being a Mississippi domiciliary, the Court concludes jurisdiction over this matter cannot be established pursuant to 28 U.S.C. § 1332. As a result, the Court will dismiss this action, without prejudice, for lack of subject matter jurisdiction.

IV. **CONCLUSION**

For the foregoing reasons;

**IT IS ORDERED** that the motion to dismiss filed by Defendants Fountainbleau Management Services, LLC; Roland T.A. von Kurnatowski, Jr.; BF-1, LLC; and Roland von Kurnatowski, R. Doc. 24, be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion for partial summary judgment filed by Plaintiff Antone James Lynch, R. Doc. 23, be and hereby is **DENIED WITHOUT PREJUDICE AS MOOT**.

New Orleans, Louisiana on this 29th day of April, 2019.

_____
Eldon E. Fallon
U.S. District Court Judge